[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Monroe, Connecticut on March 23, 1979. There is one child, Charles J. Ovesny, III, issue of the marriage. He was born September 3, 1979.
The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
The plaintiff claimed that the defendant drank, smoked pot and called her names, that they argued continually, that the defendant was physically abusive to her and on one occasion when he pushed her onto her son's bed, causing a cut which resulted in a scar on her left knee, that he threw a glass at her which shattered in the kitchen sink, that while arguing he shook their son's crib to awaken the child and to get the plaintiff upset, that she had to leave him on one occasion for a few days, that when they were vacationing in Disneyworld in Florida he left her for a few days, that they had a big fight in August 1989 and she moved into a separate bedroom, that during one argument he broke a candle stick they had received as a wedding present, that at times things were great but finally she had to move out. That was on October 15, 1989.
The defendant stated that the plaintiff did not drink much but that she became intoxicated on two occasions. He claimed that he did not hit the plaintiff, push her or tear her clothes, that he had no complaints about the marriage, that it was a good marriage, that the two of them could have worked out the problems and that the suit was totally foolish. The defendant claimed that the plaintiff must have bumped a desk at work to cause the cut on her knee.
The defendant's mother testified that if he smokes pot and drinks he has "red eyes."
It is obvious that the defendant's actions drove the plaintiff CT Page 6988 out of the marriage. The court finds that the defendant was responsible for the breakup of the marriage.
The plaintiff is awarded $1 per year as alimony for 10 years.
Custody of the child is awarded jointly to the parties. However he shall live with the plaintiff and the defendant shall have liberal rights of visitation with him. Apparently the parties have cooperatively worked out the problems with holiday, weekend and overnight visitation.
The defendant shall pay support for the child in the amount of $85 per week. This does not follow the guidelines but the court waives the difference and finds that the amount stated is reasonable under the particular facts of this case.
Apparently the parties have divided their personal property to their mutual satisfaction.
The defendant shall provide medical insurance for the child. Any expense not covered by such issue shall be divided equally between the parties.
In as much as there remains unresolved the plaintiff's claim against Debra Opalinski which will have to be decided by the court later in this suit, the court does not award any attorney fees to the plaintiff at this time.
After the plaintiff moved out on October 15, 1989, the defendant transferred his interest in certain real estate to his sister Debra Opalinski. This was done on December 9, 1989, and this suit was filed in court on January 26, 1990. The plaintiff testified that the defendant told her he had made the transfer so the plaintiff could not screw him out of anything. The defendant did not deny that he had said that to her. The plaintiff claims that the conveyance was fraudulent and intended to prevent her from receiving her equitable interest in the property.
The court retains jurisdiction over this matter as to the plaintiff's claim in regard to the property.
THOMAS J. O'SULLIVAN, TRIAL REFEREE